**NOT FOR PUBLICATION**

OCT 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10427 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-02236-RCC-HCE |
| v. | |
| JORGE SOTO-CASTELO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted October 8, 2014[**]
Phoenix, Arizona

Before: D. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Jorge Soto-Castelo appeals from the district court's judgment and challenges

the 12-level sentencing enhancement and the 36-month term of supervised release

imposed for his illegal reentry in violation of 8 U.S.C. § 1326. Because the parties

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Conviction under Nev. Rev. Stat. § 453.337 qualifies as a conviction for a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B). *United States v. Benitez-Perez*, 367 F.3d 1200, 1204 (9th Cir. 2004). Accordingly, the district court correctly imposed a 12-level sentencing enhancement based on Soto-Castelo's prior conviction under Nev. Rev. Stat. § 453.337.

The district court acted within its discretion to impose a 36-month term of supervised release. The district court was authorized to impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). Supervised release is appropriate when "it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." USSG § 5D 1.1(c) cmt. 5. The district court did not abuse its discretion because the 36-month term of supervised release is reasonable in light of the district court's explanation that Soto-Castelo had been previously deported and that this was Soto-Castelo's second prosecution for re-entry after a deportation. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**